UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIMBERLY HARTMAN,

        Plaintiff,                              Case No. 13-cv-14774

v                                                Honorable Thomas L. Ludington

THE DOW CHEMICAL COMPANY,

        Defendant.

_____/

## ORDER VACATING JUDGMENT

On November 19, 2013 Plaintiff Kimberly Hartman filed suit against her former employer, Defendant Dow Chemical Company, claiming that she was wrongfully terminated from her position as a Legal & Government Affairs Administrative Specialist in the Corporate Division. *See* ECF No. 1. Specifically, she claims that Defendant violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2611, *et seq*., and Michigan's People with Disabilities Civil Rights Act ("PWDCRA") when it terminated her employment. On December 22, 2014, the Court granted Defendant's motion for summary judgment on Plaintiff's FMLA interference and PWDCRA claim, but denied Defendant's motion for summary judgment with respect to Plaintiff's FMLA retaliation claim. The Court concluded that Plaintiff had sufficiently demonstrated that a question of material fact exists regarding whether Defendant's proffered reason for terminating her employment was pretextual, and therefore her FMLA retaliation claim survived summary judgment. Defendant's motion of reconsideration of that order was denied.

A trial was conducted from April 7, 2015 to April 14, 2015 to address Plaintiff Kimberly Hartman's FMLA retaliation claim. At the close of Plaintiff's case, Defendant moved for

judgment as a matter of law pursuant to Federal Rule of Procedure 50(a), arguing that no reasonable jury could conclude that Defendant had terminated Plaintiff's employment in retaliation for exercising her rights under the FMLA. The Court took the motion under advisement and submitted the issue to the jury. The jury returned a verdict in favor of Plaintiff, and the Court entered a judgment against Defendant for $338,441.36. ECF No. 68. Defendant then renewed its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b). *See* ECF No. 69. That motion was denied by this Court on September 30, 2015. *See* ECF No. 76.

Defendant timely appealed. In an opinion issued on August 16, 2016, the Sixth Circuit reversed this Court's opinion, finding that judgment for Defendant should be entered as a matter of law. *See* ECF No. 80. The Sixth Circuit therefore remanded the case for the entry of judgment in favor of Defendant. The mandate then issued on September 27, 2016. *See* ECF No. 81. In accordance with that order judgment will be vacated, and a new judgment will issue.

Accordingly, it is **ORDERED** that Judgment entered on June 16, 2015, ECF No. 68, is **VACATED**.

                                                                  s/Thomas L. Ludington
                                                                  THOMAS L. LUDINGTON
                                                                  United States District Judge

Dated: October 7, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 7, 2016.

                               s/Kelly Winslowk for
                               MICHAEL A. SIAN, Case Manager